LUMBERTON, 13 June, 1820.
Received of John Nichols a deed for 400 acres of land, which he purchased at sheriff's sale as the property of Benjamin Blount, for which I am to pay him $50, if he thinks proper to take that sum, before any decision respecting the right takes place. Or, if he thinks proper to wait until I can procure a decision according to law, and I recover the land from Benjamin Blount, the present tenant in possession, and William Townsend, Jr., who has a deed for the said land from Elisha Cumbo, so that I have a good and clear title in law, I hereby agree and bind myself, in that case, to pay the said John Nichols, his heirs and assigns, the sum of $100, and no more.
In witness whereof I have hereunto set my hand and seal the day and date above written.
RICHARD C. BUNTING. [L. S.] *Page 48 
To which the defendant pleaded "general issue; payment; set-off." The plaintiff proved the sealing and delivery of the above instrument by defendant; whereupon the defendant's counsel objected to the plaintiff's recovery on the ground that the contract was contrary to law and void upon its face; and, the court being of that opinion, the plaintiff was nonsuited.
A rule for new trial was obtained, which, on argument, was (87) discharged, and the plaintiff appealed to this Court.
Maintenance consists in stirring up, promoting, or encouraging contentions and quarrels, as well in the country as in courts of justice. It is unnecessary to consider the various acts which in law have been adjudged to amount to this offense; but I shall confine myself solely to that class of them which relates to the offense of purchasing a right of action, or, as it is called, a right of going to law. To purchase a dormant title and to bring suit on it is said to be maintenance — that is, a title which the proprietor through choice would not have set up, but suffered to have slept, but for the officious intermeddling of the purchaser, who has caused a lawsuit to be brought for what the person really injured would have permitted to pass unnoticed; and this, whether the title be good or bad. And a person may be guilty of maintenance in purchasing a negotiable security, as a bill of exchange or promissory note, as well as a mere chose in action, or right of suing, not transferable by assignment or any other method; for it is not the nature of the claim, that is, whether assignable or not, but its being a dormant one (by which I do not mean an old one, only) and such an one as the possessor would not himself have prosecuted, which gives to the transaction the character of maintenance. The claim, being old or dormant, is only matter of evidence that the party did not mean to assert it. "Bac. Ab. Maintenance," where it was held not to be maintenance for the purchaser to carry on a suit (for a trespass) commenced before the purchase. But the daily practice of our courts is the best exposition of the law. We see in every court, from the highest to the lowest, suits carried on by purchasers of mere choses in action, in the name of the original proprietor or legal owner, the thing which they purchased not being (88) assignable; and until a very few years ago that equitable right was recognized in our courts of law, both here and in England, and when such cognizance of these equitable rights was disannexed it was on very different grounds from those of encouraging maintenance; and it is every day's practice to have two demises in a declaration in ejectment, one the title of the vendor and one on that of the vendee, whenever there is any doubt as to adverse possession at the time of the sale. Our courts would not permit such a thing if the bare buying a disputed *Page 49 
title, a litigious right, was a maintenance; to which may be added that it is a principal branch of equity practice to protect and enforce purchases of choses in action. I am satisfied that there should be a new trial.
And HALL, J., was of this opinion also.